IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-cv-00016-BO-BM

| | |
|---|---|
| JOSEPH MEYER, *et al.*, <br>     Plaintiffs, <br><br> v. <br><br> HATTERAS INVESTMENT PARTNERS, <br> L.P., *et al.*, <br>     Defendants. | ORDER |

This matter comes before the Court on Plaintiffs' motion to seal [DE 9], joint motion to stay [DE 21], and Plaintiffs' motion to remand [DE 30]. For the following reasons, the motion to seal will be granted, the motion to remand will be granted, and the motion to stay will be denied as moot.

## BACKGROUND

This derivative suit, brought by a group of limited partner unit owners, alleges a breach of fiduciary duties by the Fund Directors of Hatteras Investment Partners, L.P. [DE 8 at 2]. Generally, it is alleged that the Fund Directors entered into a transaction whereby they sold off all of the assets in one of their managed funds, valued at $305,000,000, to a "proposed purchaser" in exchange for equity securities in that purchaser. [*Id.*] The true identity of the purchaser was The Beneficent Group, L.P, and the offered securities proceeded to lose 99% of their value when The Beneficent Group made a public offering of shares. [*Id.* at 5].

The complaint alleges that, at the time the transaction was approved by the Fund Directors, only one Fund Director, David Perkins, knew that the true identity of the proposed purchaser was The Beneficent Group. [*Id.* at 2]. It is alleged that David Perkins had been offered a lucrative management position with The Beneficent Group, and failed to disclose either the identity of the

potential purchaser or his interest in the transaction to the other Fund Directors at the time of the transaction approval. [*Id.* at 3]. Despite this lack of information, the complaint alleges that the Fund Directors failed to conduct proper due diligence and approved the transaction, which ultimately resulted in a catastrophic loss of value for the shareholders. [*Id.* at 5].

This lawsuit was originally filed in Wake County Superior Court, and the complaint included only one count for breach of fiduciary duty. [DE 8 at 29]. That singular count made specific reference to Delaware state law. [*Id.*] In the course of the litigation, Defendants filed a motion to compel arbitration, DE 20-1 at 6, and in their response brief to that motion, Plaintiffs inserted a sentence stating that:

> "[t]he fiduciary duties that Defendants owe the Master Fund arose pursuant to Delaware's traditional rules of law and equity, the Investment Company Act, and the Investment Advisers Act. The claims asserted in this action, which are exclusively for breaches of fiduciary duty, neither arose from the [limited partnership agreements] nor are dependent upon them in any way." [DE 1-49 at 4].

A similar sentence was present in another of Plaintiffs' briefs. [DE 20-1 at 6]. The Defendants then removed this action to federal court, on the basis that the two sentences referenced above raised a federal question that established original subject-matter jurisdiction in this court. Plaintiffs now seek to remand this action to state court.

## ANALYSIS

28 U.S.C. § 1446 governs the removal of civil actions from state to federal court. One key requirement of removal procedures is that the removing defendant must demonstrate the existence of original jurisdiction. *Nationstar Mortgage, LLC v. Brantley*, 2023 WL 8768381, at *2 (D. S.C. 2023). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Due to significant federalism concerns, federal courts have a "duty to construe removal jurisdiction

2

strictly and resolve doubts in favor of remand." *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 336 (4th Cir. 2008).

The Defendants contend that this Court has subject-matter jurisdiction due to the presence of a federal question. In their notice of removal, Defendants stated that the reference to federal law in Plaintiffs' brief in opposition to arbitration had "made this case one 'arising under the Constitution, laws, or treaties of the United States,' 28 U.S.C. § 1331, and thus removable to this Court pursuant to 28 U.S.C. § 1441(a)." [DE 20-1 at 7]. Typically, federal question jurisdiction arises "when federal law creates the cause of action asserted." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025).

In their motion to remand, Plaintiffs argue that their reference to federal statues does not convert this action into one arising under federal law because they are not asserting a cause of action under either statute. Notably, the Investment Company Act only permits a suit for breach of fiduciary duties related to advisory fees, *Green v. Fund Asset Mgmt., L.P.*, 286 F.3d 682, 685 (3d Cir. 2002), while the only private relief obtainable under the Investment Advisers Act is recission of an advisory agreement, *Transamerica Mortgage Advisors, Inc. (TAMA) v. Lewis*, 444 U.S. 11, 16–20 (1979). Neither circumstance is present here.

Perhaps more fundamentally, the existence of subject matter jurisdiction must be determined solely from the allegations in the complaint. As the unanimous Supreme Court recently stated, "the determination of jurisdiction is based only on the allegations in the plaintiff's well-pleaded complaint," and thus "[i]f the complaint presents no federal question, a federal court may not hear the suit." *Royal Canin*, 604 U.S. at 26 (citations removed).

The mere reference by Plaintiffs to a duty arising under federal law in a later brief is inadequate to create original subject matter jurisdiction in this court. Because the Plaintiffs cannot

3

and are not seeking relief available under the Investment Company Act and Investment Advisers Act, it cannot be said that the claim for breach of fiduciary duty arises under federal law. The certified complaint clearly asserts that the sole claim levied against the Defendants arises under state law, and the Court sees no reason to disbelieve the face of the paper. This court lacks jurisdiction over this matter, and the case must be remanded.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand [DE 30] is GRANTED. This matter is hereby REMANDED to the Wake County Superior Court. The joint motion to stay deadlines [DE 21] is therefore DENIED AS MOOT.

For good cause shown, the motion to seal [DE 9] is GRANTED, and Docket Entry #8 shall be SEALED.

SO ORDERED, this 4 day of June 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE